UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS HERBRAND,<br><br>Plaintiff,<br><br>v.<br><br>DITECH FINANCIAL, LLC,<br><br>Defendant. | No. 1:17-cv-00921-DAD-SAB<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION |

This case was removed to this federal court by defendant on July 12, 2017. (Doc. No. 1.) The notice of removal cites the federal diversity statute, 28 U.S.C. § 1332, as the basis for this court's jurisdiction. (*Id.* at ¶ 5.) Defendant alleges the parties are diverse and the amount in controversy exceeds $75,000, thereby establishing jurisdiction. (*Id.* at ¶¶ 6–10.) For the reasons that follow, defendant must provide further information about its citizenship in order for the court to establish it has jurisdiction over this action.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Secs., Inc.*, 813 F.2d 1368 (9th Cir. 1987). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). A

1

limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Meanwhile, corporations are citizens of their state of incorporation and the state in which their principal place of business—frequently called the "nerve center" and usually the corporate headquarters—is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 81, 85–86 (2010).

The notice of removal in this case states that defendant Ditech Financial, which is an LLC, is comprised of two members: Green Tree Licensing LLC and Green Tree Servicing Corp. (Doc. No. 1 at ¶ 7.) The notice of removal also states that Green Tree Licensing LLC is a citizen of Maryland, Florida, Delaware, and Minnesota, but fails to identify the members of Green Tree Licensing LLC. Without knowing the identity of the members of this entity, the court cannot assess whether defendant has successfully pleaded the citizenship of all defendants, and therefore whether the court has diversity jurisdiction. *See Tschakert v. Hart Energy Pub., LLP*, No. 10CV2598-L (WMC), 2011 WL 3568117, at *2 (S.D. Cal. Aug. 15, 2011) ("Courts may consider the citizenship of the members' members, and then the members' members' members and so on, because an LLC's members may include other entities, such as partnerships, corporations, or even additional LLCs."); *see also Crescent Silver LLC v. New Jersey Mining Co.*, No. 2:15-cv-00097-REB, 2015 WL 6958059, at *2–3 (D. Idaho Nov. 10, 2015); *Century Surety Co. v. Bruno India Kettner, LLC*, No. 14CV2090 BEN (BLM), 2015 WL 12660420, at *1 (S.D. Cal. July 24, 2015) ("A plaintiff must identify the citizenship of all of the members of an LLC and if any member of an LLC is itself an LLC or other non-corporate entity, a plaintiff must state the citizenship of that member.").

Additionally, defendant Ditech Financial's notice of removal states that Green Tree Servicing Corp. is a citizen of Delaware and Minnesota. (Doc. No. 1 at ¶ 7.) However, the notice fails to identify specifically where Green Tree Servicing Corp. is incorporated or where its principal place of business is located. Because of the limitations on federal jurisdiction, "federal courts have repeatedly held that a complaint must include allegations of both the state of incorporation and the principal place of business of corporate parties." *Harris v. Rand*, 682 F.3d

846, 850 (9th Cir. 2012). Here, defendant Ditech Financial must specifically identify the state(s) of incorporation and the location(s) of the principal place of business for Green Tree Servicing Corp.

Therefore, defendant Ditech Financial is directed to show cause within fourteen (14) days of service of this order why this case should not be remanded to Kings County Superior Court. Defendant may discharge this order to show cause by both (1) specifically indicating in which states Green Tree Servicing Corp. is incorporated and in which it maintains a principal place of business; and (2) identifying the members of Green Tree Licensing LLC and detailing their citizenship. If any members of Green Tree Licensing LLC are themselves non-corporate entities, defendant must identify the respective members of that member, and so on for each layer of membership, until citizenship can be readily determined by the court.

IT IS SO ORDERED.

Dated: **August 2, 2017**

_____
UNITED STATES DISTRICT JUDGE